## Liewas Ayers, Appellee, v. William Munch, Appellant.

DAMAGES—*when improper to submit question of punitive damages to the jury.* Plaintiff contracted to purchase certain premises from defendant and was to receive the key as soon as a cash payment was made. Plaintiff placed a check for the payment in the hands of an attorney, obtained the key, but not from the defendant, placed goods in the house, and defendant never received the check took the goods to a warehouse and notified plaintiff where they were. *Held*, that the question of punitive damages was improperly submitted to the jury in an action for trespass.

Appeal from the Circuit Court of DeWitt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1912. Reversed with finding of fact. Opinion filed March 18, 1913. Rehearing denied May 7, 1913.

STONE & GRAY, for appellant.

HERRICK & HERRICK, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant in which the original declaration consisted only of the common counts. Afterwards an amended declaration was filed in an action of trespass, the first count of which alleged that appellant, with force and arms, took and carried away the goods and chattels of appellee, to-wit; one sofa, two rocking chairs, one stand, one sofa spread, one dish pan, two buckets, two brooms and one mop stick, and converted and disposed of the same to his own use, the second count charges that appellant with force and arms broke and entered into the dwelling house then in the possession of the plaintiff, and then and there seized and carried away certain goods, being the goods described in the first count, and converted the same to his own use. Plaintiff recovered a verdict for one hundred fifty dollars upon which the court rendered judgment.

The record in this case discloses that appellee contracted to purchase the premises in which these alleged goods were placed by him. This purchase was evidenced by a contract entered into by appellee and appellant. No cash was paid down, but it provided for the payment on or before a certain date of two hundred dollars, the balance to be paid some time later, and that upon payment of this two hundred dollars, the contract of purchase and sale was to be delivered and the purchaser to be let into possession at that time. Appellee never did pay two hundred dollars to appellant, but placed in the hands of one Elmer Stone, an attorney, a check for two hundred dollars for appellant. Appellant never received this check, never delivered his contract of sale and never gave the key or the possession of the premises to appellee, but declined to complete this sale.

After appellee deposited the check with the attorney, he then placed the alleged goods and chattels in the house, having obtained the key from some other party. Appellant went to the premises and entered the same when neither appellee nor any one representing him was present, this is the alleged trespass against the possession of appellee. Appellant removed the goods from the premises, took them to a storage house, either paid for or assumed all liability for the storage and then notified appellee where the goods were, and that they could be had by him without any charge or cost to appellee, and this is the alleged conversion of the so-called valuable goods to the use of appellant. The alleged total value of this personal property by appellee as claimed is thirty dollars. There is no proof of any damage to his possession, and he did not own the real estate.

The trial court instructed the jury not only upon the question of actual damages, but also on the question of punitive damages. Numerous questions are raised upon the admission and rejection of evidence, but we do not consider it necessary to pass upon them.

Neither count of the declaration charges, nor does the evidence show any damage to the possession of the real estate, or that appellee sustained any actual damage by the removal of the personal property from the premises in question by appellant. The sole damage alleged is in the alleged conversion of the personal property to the use of appellant, and this evidence does not sustain the allegations of either count of this declaration. There is no element disclosed in the record in this case that would justify the submission of the question of punitive damages to the jury.

This case is not one for damages for the refusal of appellant to complete his contract of sale of the premises. The only damage that could possibly have resulted to appellee by reason of the actions complained of would have been the trouble and expense of regaining possession of his property, which he could have had for the asking.

The judgment is so clearly and manifestly against the weight of the evidence that it must be reversed; and plaintiff having sustained no actual damage, the cause will not be remanded to permit the recovery of nominal damages. The clerk will enter in the judgment of this court the finding of fact that plaintiff sustained no damage.

*Judgment reversed with finding of fact.*